**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Linda Lyn Monette, Appellant.

Appellate Case No. 2021-001276

―――――――――

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-032
Submitted January 1, 2024 – Filed January 31, 2024

―――――――――

**AFFIRMED**

―――――――――

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

―――――――――

**PER CURIAM:** Linda Lyn Monette appeals her convictions for murder, attempted armed robbery, conspiracy, and first-degree burglary, and her aggregate

sentence of forty years' imprisonment.  Monette argues the trial court erred by admitting a statement she gave to law enforcement during custodial interrogation because the statement was the product of coercion.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err by admitting the statement because it was given freely and voluntarily and was not the product of coercion.  *See State v. Miller*, 441 S.C. 106, 119, 893 S.E.2d 306, 313 (2023) ("[W]e . . . review the trial court's factual findings regarding voluntariness for any evidentiary support.  However, the ultimate legal conclusion—whether, based on those facts, a statement was voluntarily made—is a question of law subject to de novo review.").  Although the detectives admitted to raising their voices and urging Monette to tell the truth, she requested the interview, which lasted approximately two hours; the officers testified they advised her of her *Miranda*[1] rights immediately prior to her giving the statement, and she voluntarily waived them; she was a twenty-three-year-old high school graduate; officers supplied her food during the interview; she began her statement without input from law enforcement; she was not threatened or promised anything in exchange for the statement; and she indicated she felt relief after giving her statement.  Accordingly, we find Monette gave this statement voluntarily and not through intimidation, coercion, or deception, and that it was made with awareness of the nature and consequences of her decision.  *See State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("If a defendant was advised of his *Miranda* rights, but nevertheless chose to make a statement, the 'burden is on the State to prove by a *preponderance of the evidence* that his rights were voluntarily waived.'" (quoting *State v. Washington*, 296 S.C. 54, 55, 370 S.E.2d 611, 612 (1988))); *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) (stating a waiver of *Miranda* rights requires "(1) the waiver must be 'voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception' and (2) the waiver must be 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it'" (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 382-83 (2010))); *Saltz*, 346 S.C. at 136, 551 S.E.2d at 252 ("The trial [court]'s determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances, including the background, experience, and conduct of the accused."); *State v. Miller*, 375 S.C. 370, 386, 652 S.E.2d 444, 452 (Ct. App. 2007) ("[A]ppropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency.").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.